**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30213 |
| Plaintiff-Appellee, | 17-30167 |
| v. | D.C. No. 3:13-cr-00557-SI-1 |
| STEVEN DOUGLAS ROCKETT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted October 10, 2018
Portland, Oregon

Before:  FISHER, CLIFTON and CALLAHAN, Circuit Judges.

Stephen Rockett appeals his convictions for one count of producing child

pornography outside the United States, *see* 18 U.S.C. § 2251(c), (e); one count of

engaging in illicit sexual conduct with a minor in a foreign place, *see id.* § 2423(c),

(e); five counts of producing or attempting to produce child pornography, *see id.*

§ 2251(a), (e); and one count of possession of child pornography, *see id.*

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 2252A(a)(5)(B), (b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Because Rockett failed to object to the *Dost* factor jury instruction at trial, we review for plain error. *See United States v. Fuchs*, 218 F.3d 957, 961-62 (9th Cir. 2000). Here, there is no plain error. We have repeatedly adopted and applied the *Dost* factors as written. *See United States v. Perkins*, 850 F.3d 1109, 1121 (9th Cir. 2017); *United States v. Overton*, 573 F.3d 679, 686-89 (9th Cir. 2009); *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987). We also have repeatedly confirmed that the sixth *Dost* factor properly considers the depiction from the photographer's – or intended viewer's – perspective. *See, e.g.*, *United States v. Arvin*, 900 F.2d 1385, 1389 (9th Cir. 1990) ("The statute reflects a legislative determination that it is a form of child abuse for a photographer to pose a child sexually for purposes of the photographer's sexual gratification, and that the abuse continues with dissemination of the photos for purposes of satisfying others.").

2.     The sixth *Dost* factor does not make § 2251 unconstitutionally vague. Rather than granting unfettered discretion to prosecutors, these factors add specificity to the meaning of "lascivious exhibition of the genitals." Rockett's contention that the statute is vague because the *sixth* factor is vague also ignores

the fact that the jury's finding of lasciviousness must be based on the factors as a whole, not just the sixth factor.

3.     Sufficient evidence supports the verdicts on Counts 4, 5, 7 and 8.  A reasonable jury applying the *Dost* factors could have found that the actual and attempted images associated with these counts depicted the "lascivious exhibition of the genitals or pubic area of any person."  18 U.S.C. § 2256(2)(A)(v).  Similarly, Rockett's argument that his convictions on Counts 1 and 9 should be overturned fails because the district court did not err by allowing the jury to consider depictions related to other counts that constituted lascivious exhibitions under *Dost*.  Rockett did not move to sever the counts at trial.

4.     The district court did not abuse its discretion by awarding restitution for family therapy.  Although Rockett argues to the contrary, the record shows the court awarded family therapy to award the *victims* of Rockett's crimes, not to compensate their family members.  District courts, moreover, "have broad discretion in ordering restitution . . . to compensate the victims of sexual abuse for the care required to address the long term effects of their abuse."  *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999).  Under 18 U.S.C. § 2259(b)(3), recoverable losses include medical services relating to physical, psychiatric or psychological care; physical and occupational therapy or rehabilitation;" and "any other losses suffered by the victim as a proximate result of the offense."  The

restitution order was within "the bounds of the statutory framework" and supported by testimony. *United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007).

5.    The district court properly awarded restitution for future educational and occupational expenses. A psychologist, who had separately met with each of the victims, testified that all four victims faced difficulty in school because of Rockett's conduct, and the victims needed educational assistance "because the rehabilitation of these children [does not] end with their psychology issues." Although other factors may have contributed to the victims' inability to perform at or attend school, "it was perfectly reasonable for the [district court] to conclude that the additional strain or trauma stemming from defendant's actions was a substantial factor in causing the ultimate loss." *United States v. Doe*, 488 F.3d 1154, 1158 (9th Cir. 2007). Rockett suggests these awards were improper because there is no guarantee the victims will actually complete school or enroll in college. We have, however, affirmed restitution in similar cases without requiring actual use of the award for its specified purpose. *See id.* at 1160-61; *Laney*, 189 F.3d at 967 ("[I]f Congress intended crime victims who required long-term psychological or physical therapy to receive restitution only after they actually paid their therapists, it created a strangely unwieldy procedure in Section 3664, which would require a victim to petition the court for an amended restitution order every 60 days for as long as the therapy lasted."). The district court did not abuse its discretion.

**AFFIRMED.**